### MORAN *vs.* VREDENBURGH and another.

Two partners being sued, one of whom had confessed a judgment for the identical matter in suit, may plead the judgment in bar of the action, even though the plaintiff give evidence tending to prove fraud in the giving of the judgment.

The simple contract of two joint debtors is extinguished by a bond given, or judgment confessed by one of them alone.

ASSUMPSIT tried at the New York circuit in May, 1843, before Kent, C. judge. The declaration contained the usual counts for work and labor, materials, &c., and the money counts. Plea of the general issue. It appeared that plaintiff worked many years for the defendants Cocks & Vredenburgh, co-partners in the city of New York. The defendants proved that after said services were performed the defend-

ant Vredenburgh and the plaintiff liquidated the amount due to plaintiff, and a bond and warrant of attorney were given to him for $1,143.36, and upon which judgment was entered. The plaintiff, to show that this bond and warrant of attorney were intended to defraud him, proved that shortly previously thereto Vredenburgh had confessed judgment to Cocks, which required all the joint property of the two to satisfy, and upon which it was sold, and nothing remained to pay plaintiff's judgment. The counsel for the defendants requested the circuit judge to charge the jury, that the plaintiff in this suit, having previously recovered a judgment against Vredenburgh alone for the same cause of action upon which this suit is brought, was barred from recovering in this suit. The judge refused so to charge, and the counsel for the defendants excepted. Verdict for the plaintiff for $1,143.36, which the defendants move to set aside on a case.

*N. B. Blunt,* for plaintiff.

*N. Hill, jr.,* for defendants.

*By the Court,* BEARDSLEY, J. The simple contract of the two joint debtors was extinguished by the bond, although given by one of them alone. This point is too well settled to admit of discussion. (*Clement* v. *Brush,* 3 Johns. Cas., 180 (*a*); *Tom* v. *Goodrich,* 2 Johns., 213.) It is the same where a judgment has been recovered against one of several persons, on their joint promise; the promise is thereby extinguished as to all. (*Robertson* v. *Smith,* 18 Johns., 459; *Pierce* v. *Kearney,* 5 Hill, 82.)

New trial ordered.

---

(*a*) See note to this case in second edition of Johns. Cas.